No. 20-1618

In the

# United States Court of Appeals
## For the Third Circuit

---

FRESENIUS KABI USA, LLC,

*Appellant,*

v.

PAR STERILE PRODUCTS, LLC, and PAR PHARMACEUTICAL CO., INC.,

*Appellees.*

---

On Appeal from the United States District Court
for the District of New Jersey
The Honorable Susan D. Wigenton, District Judge

---

## REVISED JOINT MOTION TO CONTINUE SEAL

---

Amy B. Manning
Angelo M. Russo
Sarah A. Zielinski
MCGUIREWOODS LLP
77 West Wacker Drive
Suite 4100
Chicago, IL 60601
T: (312) 849-8100

*Counsel for Appellant*

Brett J. Williamson
O'MELVENY & MYERS
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660
T: (949) 823-6900

*Counsel for Appellees*

*Additional counsel listed in signature block*

## United States Court of Appeals for the Third Circuit

## Corporate Disclosure Statement and
## Statement of Financial Interest

No. 20-1618
_____

Fresenius Kabi USA, LLC

v.

Par Sterile Products, LLC and Par Pharmaceutical
Companies, Inc.

Instructions

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. This information need be provided only if a party has something to report under that section of the LAR.

In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings. If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list. LAR 26.1(c).

The purpose of collecting the information in the Corporate Disclosure and Financial Interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, must be filed upon the filing of a motion, response, petition or answer in this Court, or upon the filing of the party's principal brief, whichever occurs first. A copy of the statement must also be included in the party's principal brief before the table of contents regardless of whether the statement has previously been filed. Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

If additional space is needed, please attach a new page.

Pursuant to Rule 26.1 and Third Circuit LAR 26.1, makes the following disclosure:

**Fresenius Kabi USA, LLC**
_____
(Name of Party)

1) For non-governmental corporate parties please list all parent corporations: Fresenius Kabi AG; Fresenius SE & Co. KGaA

2) For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock:

None.

3) If there is a publicly held corporation which is not a party to the proceeding before this Court but which has as a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:

Fresenius SE & Co. KGaA is a publicly held corporation that indirectly owns Fresenius Kabi USA, LLC.

4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is active participant in the bankruptcy proceeding. If the debtor or trustee is not participating in the appeal, this information must be provided by appellant.

/s/ Matthew A. Fitzgerald
_____
(Signature of Counsel or Party)

Dated: July 31, 2020
_____

**rev: 09/2014**

ii

## United States Court of Appeals for the Third Circuit

### Corporate Disclosure Statement and
### Statement of Financial Interest

No. 20-1618
_____

Fresenius Kabi USA, LLC

v.

Par Sterile Products, LLC and Par Pharmaceutical
Companies, Inc.

Instructions

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. This information need be provided only if a party has something to report under that section of the LAR.

In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings. If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list. LAR 26.1(c).

The purpose of collecting the information in the Corporate Disclosure and Financial Interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, must be filed upon the filing of a motion, response, petition or answer in this Court, or upon the filing of the party's principal brief, whichever occurs first. A copy of the statement must also be included in the party's principal brief before the table of contents regardless of whether the statement has previously been filed. Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

If additional space is needed, please attach a new page.

Pursuant to Rule 26.1 and Third Circuit LAR 26.1, makes the following disclosure:

Par Sterile Products, LLC and Par Pharmaceutical Companies, Inc.
_____
(Name of Party)

      1) For non-governmental corporate parties please list all parent corporations: Endo International plc indirectly wholly owns Par Pharmaceutical Companies, Inc., which wholly owns Par Pharmaceutical, Inc., which wholly owns JHP Group Holdings, LLC, which wholly owns JHP Acquisition, LLC, which wholly owns Par Sterile Products, LLC.

      2) For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock:

Endo International plc is a publicly held company that has no parent corporation, and is the only publicly held company that owns 10% or more of the stock of Par Pharmaceutical Companies, Inc. or Par Sterile Products, LLC.

      3) If there is a publicly held corporation which is not a party to the proceeding before this Court but which has as a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:

N/A

      4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is active participant in the bankruptcy proceeding. If the debtor or trustee is not participating in the appeal, this information must be provided by appellant.

N/A

/s/ Stephen J. McIntyre
_____
(Signature of Counsel or Party)

Dated:   July 31, 2020

**rev: 09/2014**

# MOTION

## I.    BACKGROUND

Pursuant to Third Circuit L.A.R. Misc. 106.1(c)(2), and this Court's June 19, 2020 Order (Dkt. No. 33), Plaintiff-Appellant Fresenius Kabi USA, LLC ("Fresenius Kabi") and Defendants-Appellees Par Sterile Products, LLC and Par Pharmaceutical Co., Inc. ("Par") (collectively the "Parties") respectfully move to continue the sealing of certain portions of the District Court docket below (the "Confidential Documents") for an indefinite period.

This matter involves, among other things, extensive discussion on and documentation of the Parties' and Third-Parties' confidential and proprietary information in the highly competitive pharmaceutical industry.  As a result, it was necessary for the Parties to file or otherwise place the Confidential Documents under seal with the District Court.  These Confidential Documents contain and/or reflect the Parties' and Third-Parties' business plans and operations, internal processes and procedures, proprietary technical information, and financial information, among other categories of confidential information.  Because the Confidential Documents contain information that has been identified as confidential, proprietary, and/or competitively sensitive, they were ordered sealed by the District Court in response to motions made by the Parties, under D.N.J. L. Civ. R. 5.3(c).

1

The Parties previously requested that this Court continue the impoundment and sealing of documents that were filed, or otherwise placed, under seal in the District Court (Dkt. No. 18).  On June 19, 2020, this Court directed the Parties to resubmit the motion with (1) unredacted versions of the documents to be sealed, (2) proposed redactions, and (3) justifications for all proposed redactions (Dkt. No. 33). Regarding (1), unredacted versions of the documents were submitted to the Court in the Joint Appendix.  Regarding (2) and (3),  given the volume of documents included in the Joint Appendix, and for the convenience of the Court, all of the Confidential Documents the Parties seek to maintain under seal are summarized in the accompanying **Exhibit A**, Document Index.   The bases for sealing those Confidential Documents and the clearly defined and serious injury that would result if relief is not granted is further explained below and in the accompanying **Exhibit B**, Topic Index.  Redacted versions of the Joint Appendix volumes that contain these Confidential Documents have been publically filed contemporaneously herewith. Those redactions identify, on their face, the topic(s) from **Exhibit B** that justify the redaction.

## II.   GOOD CAUSE EXISTS TO SEAL THE CONFIDENTIAL DOCUMENTS CONTAINED IN THE JOINT APPENDIX

A movant must demonstrate that "good cause" exists to seal court records in order to overcome the presumption favoring a public right of access, which means ""that disclosure will work a clearly defined and serious injury to the party seeking

closure'; '[t]he injury must be shown with specificity.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 673 (3d Cir. 2019) (*citing Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

A.   The Confidential Documents identified as **Topic A** of **Exhibit B** contain and/or reference information related to proprietary trade secrets of the Parties.

   i.   These materials contain and/or reference proprietary technical information not generally known or reasonably ascertainable by the public, including but not limited to product formulation, product development, and research and development efforts. The Parties have a strong and legitimate basis for sealing these highly confidential and competitively sensitive materials and these materials do not concern any public officials or contain information of public concern.

   ii.   The Parties will suffer clearly defined and serious irreparable injury if the materials identified as **Topic A** are not sealed. Public disclosure will harm the Parties' current and prospective businesses by allowing competitors to gain improper and unfair competitive advantage in the highly competitive pharmaceutical industry as well as potentially damage the Parties' business

relationships and goodwill, thereby causing significant financial damage or other irreparable harm. For example, a competitor would use secret information about the Parties' product formulation and development to unfairly develop competing products that harm a party's competitive standing. *See Mine Safety Appliances Co. v. North River Ins. Co.*, No. 2:09-cv-348, 73 F. Supp. 3d 544, 560 (W.D. Penn. Mar. 31, 2014) ("The traditional form of confidential commercial information that militates against disclosure is the existence of trade secrets where disclosure would create a sufficient threat of irreparable harm.") (citation omitted).

B.   The Confidential Documents identified as **Topic B** of **Exhibit B** contain and/or reference information related to financial information of the Parties.

    i. These materials contain and/or reference financial information (including sales, pricing, or inventory data), analysis, or discussions regarding past or projected financial performance. The Parties have a strong and legitimate basis for sealing these highly confidential and competitively sensitive materials and

these materials do not concern any public officials or contain information of public concern.

ii. The Parties will suffer clearly defined and serious irreparable injury if the materials identified as **Topic B** are not sealed. Public disclosure will harm the Parties' current and prospective businesses by allowing competitors to gain improper and unfair competitive advantage in the highly competitive pharmaceutical industry as well as potentially damage the Parties' business relationships and goodwill, thereby causing significant financial damage or other irreparable harm.  For example, competitors would use the confidential information about the Parties' current or past financial, sales, pricing, or inventory information to strategically enhance their market or negotiation position.  *See Goldenberg v. Indel, Inc.*, No. 09-5202, 2012 WL 15909, *3 (D.N.J. Jan. 3, 2012) ("District Courts in the Third Circuit have also repeatedly found serious harm in disclosing financial information which would injure a party's standing in the competitive marketplace.") (*citing Hershey Co. v. Promotion in Motion, Inc.*, No. 07–1601, 2010 WL 1812593 at *3 (D.N.J. May 4, 2010); *Mars, Inc. v. JCM Am. Corp.*, No. 05–3165, 2007 WL

5

496816 at *2 (D.N.J. Feb. 13, 2007); *Faulman v. Sec. Mut. Fin.*, No. 04–5083, 2006 WL 1541059, at *1 (D.N.J. June 2, 2006); *Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, No. 03–6025, 2007 WL 2085350 at *8 (D.N.J. July 18, 2007)).

C.   The Confidential Documents identified as Topic C of Exhibit B contain and/or reference information related the supplier relationships of the Parties.

   i.   These materials contain and/or reference sensitive internal discussions regarding or communications with the Parties' suppliers, including but not limited to negotiations, agreements, contracts, and purchase orders from API suppliers.  The Parties and non-parties referenced in the materials have a strong and legitimate basis for sealing these highly confidential and competitively sensitive materials and these materials do not concern any public officials or contain information of public concern.

   ii.   The Parties and non-parties will suffer clearly defined and serious irreparable injury if the materials identified as **Topic C** are not sealed.  Public disclosure will harm the Parties' and non-parties' current and prospective businesses by allowing

competitors to gain improper and unfair competitive advantage in the highly competitive pharmaceutical industry as well as potentially damage the Parties' business relationships and goodwill, thereby causing significant financial damage or other irreparable harm.  For example, competitors would use the confidential information regarding a party's communications, strategies, negotiations, and agreements with suppliers to damage the party's relationship with its suppliers in order to enhance the competitors' market or negotiation position.  *See Laidlaw, Inc. v. Student Transp. of Am., Inc.*, 20 F. Supp. 2d 727, 766 (D.N.J. 1998) ("Generally, the loss of good will, the disclosure of confidential and proprietary information, and the interference with customer relationships may be the basis for a finding of irreparable harm."); *Alexander Interactive Inc. v. Adorama, Inc.*, No. 12-civ-6608, 2014 WL 4346174, *2 (S.D.N.Y. Sep. 2, 2014) (finding sealing justified because the "non-public information about pricing, credit, and termination terms, which, if made public, could adversely effect [sic] Samsung's relationships with other dealer-customers, as well as Adorama's relationships with other suppliers.").

D.   The Confidential Documents identified as **Topic D** of **Exhibit B** contain and/or reference sensitive information related to customer relationships of the Parties.

    i.   These materials contain and/or reference internal discussions regarding or communications with customers, including but not limited to customer complaints, negotiations, agreements, contracts, and purchase orders from customers.  The Parties and non-parties referenced in the materials have a strong and legitimate basis for sealing these highly confidential and competitively sensitive materials and these materials do not concern any public officials or contain information of public concern.

    ii.   The Parties and non-parties will suffer clearly defined and serious irreparable injury if the materials identified as **Topic D** are not sealed.  Public disclosure will harm the Parties' and non-parties' current and prospective businesses by allowing competitors to gain improper and unfair competitive advantage in the highly competitive pharmaceutical industry as well as potentially damage the Parties' business relationships and goodwill, thereby causing significant financial damage or other

8

irreparable harm.   For example, competitors would use confidential information regarding a party's communications, strategies, negotiations, and agreements to damage the party's relationship with its customers in order to enhance the competitors' market or negotiation position. *See Saturn Wireless Consulting, LLC v. Aversa*, No. 17-1637, 2017 WL 1538157, at *20 (D.N.J. Apr. 26, 2017) ("Saturn has a legitimate interest in keeping its customer-specific confidential information from competitors . . . and in protecting its investment in customer relationships and goodwill."); *Laidlaw, Inc. v. Student Transp. of Am., Inc.*, 20 F. Supp. 2d 727, 766 (D.N.J. 1998) ("Generally, the loss of good will, the disclosure of confidential and proprietary information, and the interference with customer relationships may be the basis for a finding of irreparable harm.").

E.     The Confidential Documents identified as **Topic E** of **Exhibit B** contain and/or reference sensitive information related to the regulatory information of the Parties.

    i. These materials contain and/or reference sensitive regulatory submissions and communications between the Parties and government agencies that reveal sensitive internal business

9

information.  The Parties have a strong and legitimate basis for
sealing these highly confidential and competitively sensitive
materials and these materials do not concern any public officials
or contain information of public concern.

ii. The Parties will suffer clearly defined and serious irreparable
injury if the materials identified as **Topic E** are not sealed.
Public disclosure will harm the Parties' current and prospective
businesses by allowing competitors to gain improper and unfair
competitive advantage in the highly competitive pharmaceutical
industry as well as potentially damage the Parties' business
relationships and goodwill, thereby causing significant financial
damage or other irreparable harm.  For example, competitors
would use confidential information from a party's regulatory
communications or submissions regarding product formulation
and development details, business strategies, and anticipated
product launch information to harm the party's competitive
standing. *See Bracco Diagnostics Inc. v. Amersham Health Inc.*,
No. 03-6025, 2007 WL 2085350, at *5 (D.N.J. July 18, 2007)
(granting a motion to seal a party's correspondence with the FDA
because it had "a legitimate public interest in protecting non-

public correspondence with the governmental agency primarily responsible for its regulation," and therefore, the party "would face a serious injury if the regulatory documents were available for public access.").

F.   The Confidential Documents identified as **Topic F** of **Exhibit B** contain and/or reference information related to business strategy information of the Parties.

  i.  These materials contain and/or reference information related to business strategy including, but not limited to, analyses, plans, or other discussions regarding product research, product development, manufacturing, product launch, sales, pricing, marketing, market and competition dynamics, supplier and customer dynamics, or potential acquisitions. The Parties have a strong and legitimate basis for sealing these highly confidential and competitively sensitive materials and these materials do not concern any public officials or contain information of public concern.

  ii. The Parties will suffer clearly defined and serious irreparable injury if the materials identified as **Topic F** are not sealed. Public disclosure will harm the Parties' current and prospective

businesses by allowing competitors to gain improper and unfair competitive advantage in the highly competitive pharmaceutical industry as well as potentially damage the Parties' business relationships and goodwill, thereby causing significant financial damage or other irreparable harm.  For example, competitors would easily use the confidential information regarding a party's business strategy to strategically undercut a party's business goodwill and relationships with suppliers, customers, or other third-Parties in order to enhance the competitors' market or negotiation position. *See Curlin Medical Inc. v. ACTA Medical, LLC*, 2:16-cv-02464, 2017 WL 2729268, *3 (D.N.J. Jan. 5, 2017) (granting the Parties' motion to seal because "the confidential materials contain valuable, proprietary, and highly sensitive business information relating to the Parties' respective businesses, including but not limited to financial information, business strategies, research and development, business relationships, customer information, and pricing information.").

G.    The Confidential Documents identified as **Topic G** of **Exhibit B** contain and/or reference sensitive information related to personal private information.

i. These materials contain and/or reference personal information, such as personal financial information, that should be sealed for privacy concerns. Non-party individuals have a strong and legitimate basis for sealing these materials to protect the privacy interests of certain individuals and will suffer a clearly defined and serious irreparable injury if the materials identified as **Topic G** are publicly disclosed. *See Barnes v. Hauck*, No. 12-2705, 2013 WL 3216171, at *1 (D.N.J. June 23, 2013) ("[T]here is a clear interest to protect the confidentiality and privacy concerns of Petitioner that outweighs any public interest.").

H.  The Confidential Documents identified as **Topic H** of **Exhibit B** contain and/or reference expert opinion or testimony that reveal highly confidential and sensitive competitive information regarding a party's actual or hypothetical business decisions.

i. Similar to materials identified as **Topic F**, **Topic H** materials contain and/or reference expert opinion related to the Parties' business strategy such as expert opinion of the content and timing of a party's hypothetical business decisions. The Parties have a strong and legitimate basis for sealing these highly confidential and competitively sensitive materials and these materials do not

concern any public officials or contain information of public concern.

ii. The Parties will suffer clearly defined and serious irreparable injury if the materials identified as **Topic H** are not sealed. Public disclosure will harm the Parties' current and prospective businesses by allowing competitors to gain improper and unfair competitive advantage in the highly competitive pharmaceutical industry as well as potentially damage the Parties' business relationships and goodwill, thereby causing significant financial damage or other irreparable harm.  For example, competitors would use expert opinion about a party's Abbreviated New Drug Application ("ANDA") regulatory filing with the FDA to strategically undercut a party's business goodwill and relationships with suppliers, customers, or other third-Parties in order to enhance the competitors' market or negotiation position. *See Curlin Medical Inc. v. ACTA Medical, LLC*, 2:16-cv-02464, 2017 WL 2729268, \*3 (D.N.J. Jan. 5, 2017) (granting the Parties' motion to seal because "the confidential materials contain valuable, proprietary, and highly sensitive business information relating to the Parties' respective businesses, including but not

limited to financial information, business strategies, research and development, business relationships, customer information, and pricing information.").

I.    The Confidential Documents identified as **Topic I** of **Exhibit B** contain and/or reference expert opinion or testimony that reveal highly confidential and sensitive competitive information regarding actual or hypothetical economic, market and/or competitive dynamics, including but not limited to expert opinion regarding but-for market shares, prices, sales, or price margins.

    i.    Similar to materials identified as **Topic B**, **Topic I** materials contain and/or reference expert opinion or testimony relevant to the Parties' financial information (including sales, pricing, or inventory data), analysis, or discussions regarding past or projected financial performance.  The Parties have a strong and legitimate basis for sealing these highly confidential and competitively sensitive materials and these materials do not concern any public officials or contain information of public concern.

    ii.    The Parties will suffer clearly defined and serious irreparable injury if the materials identified as **Topic I** are not sealed.  Public

disclosure will harm the Parties' current and prospective businesses by allowing competitors to gain improper and unfair competitive advantage in the highly competitive pharmaceutical industry as well as potentially damage the Parties' business relationships and goodwill, thereby causing significant financial damage or other irreparable harm. For example, competitors would use expert opinion about a party's estimated hypothetical market shares, price, sales, or price margins to deduce a party's actual or projected financial performance to strategically enhance their market or negotiation position. S*ee Goldenberg v. Indel, Inc*., No. 09-5202, 2012 WL 15909, *3 (D.N.J. Jan. 3, 2012) ("Courts in the Third Circuit have also repeatedly found serious harm in disclosing financial information which would injure a party's standing in the competitive marketplace.") (*citing Hershey Co. v. Promotion in Motion, Inc.*, No. 07–1601, 2010 WL 1812593 at *3 (D.N.J. May 4, 2010); *Mars, Inc. v. JCM Am. Corp.*, No. 05–3165, 2007 WL 496816 at *2 (D.N.J. Feb. 13, 2007); *Faulman v. Sec. Mut. Fin.*, No. 04–5083, 2006 WL 1541059, at *1 (D.N.J. June 2, 2006); *Bracco Diagnostics, Inc.*

16

*v. Amersham Health, Inc.*, No. 03–6025, 2007 WL 2085350 at *8 (D.N.J. July 18, 2007)).

J.  The Confidential Documents identified as **Topic J** of **Exhibit B** contain and/or reference expert opinion or testimony that reveal highly confidential and sensitive competitive information regarding estimated damages, financial and/or economic information, including but not limited to estimates of damages under hypothetical scenarios.

    i.  Similar to materials identified as **Topic B**, **Topic J** materials contain and/or reference expert opinion or testimony relevant to the Parties' financial information (including sales, pricing, or inventory data), analysis, or discussions regarding past or projected financial performance.  The Parties have a strong and legitimate basis for sealing these highly confidential and competitively sensitive materials and these materials do not concern any public officials or contain information of public concern.

    ii.  The Parties will suffer clearly defined and serious irreparable injury if the materials identified as **Topic J** are not sealed.  Public disclosure will harm the Parties' current and prospective businesses by allowing competitors to gain improper and unfair

17

competitive advantage in the highly competitive pharmaceutical industry as well as potentially damage the Parties' business relationships and goodwill, thereby causing significant financial damage or other irreparable harm. For example, competitors would use expert opinion about a party's estimated damages to deduce a party's actual or projected financial performance to strategically enhance their market or negotiation position. *See Goldenberg v. Indel, Inc.*, No. 09-5202, 2012 WL 15909, *3 (D.N.J. Jan. 3, 2012) ("District Courts in the Third Circuit have also repeatedly found serious harm in disclosing financial information which would injure a party's standing in the competitive marketplace.") (*citing Hershey Co. v. Promotion in Motion, Inc.*, No. 07–1601, 2010 WL 1812593 at *3 (D.N.J. May 4, 2010); *Mars, Inc. v. JCM Am. Corp.*, No. 05–3165, 2007 WL 496816 at *2 (D.N.J. Feb. 13, 2007); *Faulman v. Sec. Mut. Fin.*, No. 04–5083, 2006 WL 1541059, at *1 (D.N.J. June 2, 2006); *Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, No. 03–6025, 2007 WL 2085350 at *8 (D.N.J. July 18, 2007)).

K.   The Confidential Documents identified as **Topic K** of **Exhibit B** contain and/or reference expert opinion or testimony that reveal highly

confidential and sensitive competitive information regarding patent validity or infringement.

    i.  These materials contain and/or reference highly confidential and sensitive competitive information that reveal sensitive competitive information regarding patent validity or infringement, including but not limited to expert opinion regarding the likelihood of success in patent litigation. The Parties have a strong and legitimate basis for sealing these highly confidential and competitively sensitive materials and these materials do not concern any public officials or contain information of public concern.

   ii.  The Parties will suffer clearly defined and serious irreparable injury if the materials identified as **Topic K** are not sealed. Public disclosure will harm the Parties' current and prospective businesses by allowing competitors to gain improper and unfair competitive advantage in the highly competitive pharmaceutical industry as well as potentially damage the Parties' business relationships and goodwill, thereby causing significant financial damage or other irreparable harm. For example, competitors would use expert opinion about the likelihood of success in

patent litigation to assert new patent invalidity or infringement claims against the Parties.

L.      The Confidential Documents identified as **Topic L** of **Exhibit B** contain and/or reference confidential documents produced by, or deposition testimony from, Bachem Americas, Inc., and Bachem AG (together, "Bachem").

   i. Bachem and the Parties have a strong and legitimate basis for sealing this material. Bachem has represented that those materials identified as **Topic L** contain and/or reference Bachem's highly confidential and competitively sensitive business information, trade secrets, and business strategies, as well as information received in confidence from other non-parties. Bachem represented that such materials contain and/or reference proprietary, confidential, and sensitive business information regarding Bachem's business relationships, and the research, development, manufacture, governmental approval, marketing, purchase, and sale of proprietary products. Bachem produced documents or testified in deposition in reliance on confidentiality provisions of the Discovery Confidentiality Order of the district court (District Ct. Dkt. No. 55).

ii. Bachem and the Parties will suffer a clearly defined and serious irreparable injury if the materials identified as **Topic L** are not sealed. Bachem has represented that these materials also contain and/or reference sensitive customer relationships with non-parties that could be adversely affected if these materials were made public. If these materials are not sealed, public disclosure will cause harm to Bachem's and the Parties' current and prospective businesses, including, but not limited to, unfair advantage to competitors with knowledge of Bachem's and the Parties' relationships as well as damage to those relationships, causing potentially significant financial damage or other irreparable harm.

M. The Confidential Documents identified as **Topic M** of **Exhibit B** contain and/or reference confidential documents produced by, or deposition testimony from, Polypeptides Laboratories, Inc., and PolyPeptide Laboratories Sweden AB (together "PolyPeptide").

i. Polypeptide and the Parties have a strong and legitimate basis for sealing this material. Those materials identified as **Topic M** contain and/or reference "confidential information regarding business agreements, testing, business strategy, summaries of

21

meetings with potential business partners, ANDA filings with governmental entities, and business strategy." **Exhibit D**, Declaration of Sheila Raftery Wiggins in Support of Motion to Seal ("Wiggins Decl.") ¶ 5.[1]

ii. PolyPeptide and the Parties will suffer a clearly defined and serious irreparable injury if the materials identified as Topic M are not sealed. PolyPeptide asserts "that public disclosure of its Non-party PolyPeptide Confidential Information would permit competitors to potentially and likely use such information to PolyPeptide's detriment." **Exhibit D**, Wiggins Decl. ¶ 7.

N. The Confidential Documents identified as **Topic N** of **Exhibit B** contain and/or reference confidential documents produced by BCN Peptides, S.A. ("BCN").

i. BCN and the Parties have a strong and legitimate basis for sealing this material. Those materials identified as **Topic N** contain and/or reference highly confidential and competitively sensitive business information, trade secrets, business strategies,

---

[1] This declaration was originally submitted on behalf of PolyPeptide in support of the Parties' motion to seal their respective summary judgment briefing materials before the District Court. Certain of those same materials are now before this Court on appeal, and the justifications set forth in said declaration apply equally here.

as well as information received in confidence from other non-parties. Such materials contain and/or reference proprietary, confidential, and sensitive business information regarding BCN's business relationships, and the research, development, manufacture, governmental approval, marketing, purchase, and sale of proprietary products. BCN also produced documents or testified in deposition in reliance on confidentiality provisions of the Discovery Confidentiality Order of the district court (Dkt. No. 55).

ii. BCN and the Parties will suffer a clearly defined and serious irreparable injury if the materials identified as **Topic N** are not sealed. These materials also contain and/or reference sensitive customer relationships with non-parties that could be adversely affected if these materials were made public. If these materials are not sealed, public disclosure of this information will cause harm to BCN's and the Parties' current and prospective businesses, including, but not limited to, unfair advantage to competitors with knowledge of BCN's and the Parties' relationships as well as damage to those relationships, causing

potentially significant financial damage or other irreparable harm.

O.   The Confidential Documents identified as **Topic O** of **Exhibit B** contain and/or reference all confidential documents produced by Eagle Pharmaceuticals, Inc. ("Eagle").

    i.   Eagle and the Parties have a strong and legitimate basis for sealing this material.  Those materials identified as **Topic O** contain and/or reference "Non-Party Eagle's propriety commercial and business interest, including competitively sensitive business information concerning Eagle's confidential supplier relationships for the active pharmaceutical ingredient in its ANDA product, which is the type of information that Eagle maintains in strict confidence in light of the highly competitive pharmaceutical marketplace."   **Exhibit C**, Declaration of Christine I. Gannon ("Gannon Decl.") ¶ 4.[2]

    ii.   Eagle and the Parties will suffer a clearly defined and serious irreparable injury "including but not limited to, financial damage,

---

[2] This declaration was originally submitted on behalf of Eagle in support of the Parties' motion to seal their respective summary judgment briefing materials before the District Court.  Certain of those same materials are now before this Court on appeal, and the justifications set forth in said declaration apply equally here.

damage to business relationships, damage to commercial standing, and/or other irreparable harm if any of the confidential proprietary, commercial, and competitively sensitive business information . . . is publicly disclosed." **Exhibit C**, Gannon Decl. ¶ 5. For example, "[c]ompetitors would improperly and unfairly benefit from the disclosure of Non-Party Eagle's non-public competitively sensitive business information and would likely use the confidential information to enhance their market or negotiation position and cause Eagle to lose their competitive advantage in obtaining necessary active pharmaceutical ingredient supplies in the highly competitive pharmaceutical industry." *Id*.

P.    The Confidential Documents identified as **Topic P** of **Exhibit B** contain and/or reference all confidential documents produced by Sandoz Inc. ("Sandoz").

    i.    Sandoz and the Parties have a strong and legitimate basis for sealing this material. The documents Sandoz produced in this matter contain sensitive, proprietary business information about proprietary and confidential product formulations, launch and/or supply strategies, and other sensitive information. Sandoz has a

legitimate private interest in seeking to restrict access to this sensitive and valuable business information. There is little, if any, public interest in disclosing Sandoz' competitively sensitive propriety business information. The documents produced by Sandoz are of the type that pharmaceutical companies generally treat as confidential and the Discovery Confidentiality Order entered by the district court on June 20, 2017 (Dist. Ct. Dkt. No. 55) specifically allows such information to be kept confidential.

ii. If filed on the docket, the information contained in these documents will reveal the confidential details of Sandoz' business and proprietary information, including information regarding product formulation and launch and/or supply strategies, and make this information available to competitors. Disclosure of this information will cause irreparable harm to Sandoz' business and future business plans, and could result in lost business. These documents contain confidential information throughout and, thus, there is no practicable less restrictive alternative to sealing these documents in their entirety.

For all materials to be sealed identified as **Topics A-P**, no less restrictive alternative to the requested relief is presently available or practicable. *See* **Exhibit**

**C**, Gannon Decl. ¶ 8; **Exhibit D**, Wiggins Decl. ¶ 8.  Redacted versions of the Joint Appendix volumes that contain these Confidential Documents have been publically filed contemporaneously herewith.  Therefore, the public interest in having access to the non-confidential portions of the Confidential Documents pertinent to this appeal has been served.  *See CDK Global, LLC v. Tulley Automotive Group, Inc.*, No. 15–3103 (KM), 2017 WL 870400, at *4 (D.N.J. March 3, 2017) (finding that the Parties were in the "best position to judge the sensitivity and importance of the documents in question" when proposing redactions of confidential information).

***       ***       ***

For the foregoing reasons, Plaintiff-Appellant Fresenius Kabi USA, LLC and Defendants-Appellees Par Sterile Products, LLC and Par Pharmaceutical Co., Inc. respectfully move to continue the sealing of the Confidential Documents for an indefinite period.  Because these Confidential Documents remain under seal in the District Court record indefinitely, the Parties respectfully request that the redacted portions of Confidential Documents included in the redacted Joint Appendix also remain under seal in the Third Circuit record indefinitely, rather than expiring within five years after the conclusion of the case pursuant to L.A.R. Misc. 106.1(c)(2).

Dated: July 31, 2020

*/s/ Matthew A. Fitzgerald*

Amy B. Manning
Angelo M. Russo
Sarah A. Zielinski
MCGUIREWOODS LLP
77 West Wacker Drive
Suite 4100
Chicago, IL 60601
T: (312) 750-8100
amanning@mcguirewoods.com
arusso@mcguirewoods.com
szielinski@mcguirewoods.com

Matthew A. Fitzgerald
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
T: (804) 775-4716
mfitzgerald@mcguirewoods.com

Philip A. Goldstein
MCGUIREWOODS LLP
1251 Avenue of the Americas
20th Floor
New York, NY 10020
T: (212) 548-2167
pagoldstein@mcguirewoods.com

*Counsel for Appellant*
*Fresenius Kabi USA, LLC*

Respectfully submitted,

*/s/ Stephen J. McIntyre*

Brett J. Williamson
O'MELVENY & MYERS
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660
T: (949) 823-6900
bwilliamson@omm.com

Benjamin G. Bradshaw
O'MELVENY & MYERS
1625 Eye Street, NW
Washington, DC 20006
T: (202) 383-5300
bbradshaw@omm.com

Stephen J. McIntyre
O'MELVENY & MYERS
400 South Hope Street
18th Floor
Los Angeles, CA 90071
T: (213) 430-6000
smcintyre@omm.com

*Counsel for Appellees*
*Par Sterile Products, LLC and*
*Par Pharmaceutical Co., Inc.*

## **L.A.R. 27.3 CERTIFICATION BY COUNSEL**

I hereby certify that, under Third Circuit Local Appellate Rule 27.3, this Joint

Motion to Continue Seal is uncontested.

> */s/ Matthew A. Fitzgerald*
> Matthew A. Fitzgerald
>
> *Counsel for Appellant*
> *Fresenius Kabi USA, LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because:

- The motion contains 4,687 words, excluding the parts exempted by Rule 27(a)(2)(B).

This motion complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because:

- The motion has been prepared in a proportionally spaced 14-point roman font using Microsoft Word.

*/s/ Matthew A. Fitzgerald*
Matthew A. Fitzgerald

*Counsel for Appellant*
*Fresenius Kabi USA, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 31, 2020, the foregoing was filed with the Clerk of the United States Court of Appeals for the Third Circuit using the appellate CM/ECF system, which will also serve counsel of record.

*/s/ Matthew A. Fitzgerald*
Matthew A. Fitzgerald

*Counsel for Appellant*
*Fresenius Kabi USA, LLC*